UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMI GOTCHER,

          Plaintiff

v.

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.

Civil Action No.: 18-12251
Honorable Stephen J. Murphy, III
Magistrate Judge Elizabeth A. Stafford

_____/

### REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 22, 27]

Plaintiff Jami Gotcher appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- Gotcher's motion [ECF No. 22] be **DENIED**;
- the Commissioner's motion [ECF No. 27] be **GRANTED**; and

- the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

## I.   BACKGROUND

### A.   Gotcher's Background and Disability Applications

Born September 19, 1965, Gotcher was 50 years old at the time of her alleged onset date of February 11, 2016.[1] [ECF No. 14-2, PageID.65]. Gotcher had previous work as a line cook and a deck hand. [*Id.*, PageID.77]. She claimed to be disabled from degenerative disc disease of lumbar spine and cervical spine, chronic pain syndrome, bipolar syndrome and affective disorder. [ECF No. 14-3, PageID.122].

After the Commissioner denied her applications initially, Gotcher requested a hearing, which took place in November 2017 and during which she, her father and a vocational expert (VE) testified. [ECF No. 14-2, PageID.88]. In a January 24, 2018 written decision, the ALJ found Gotcher not disabled. [*Id.*, PageID.65-79]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Gotcher timely filed for judicial review. [*Id.*, PageID.46-48; ECF No. 1].

---

[1] At the hearing, Gotcher amended her alleged onset date from November 1, 2014 to February 11, 2016.

## B.  The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4); 416.920(a)(4).[2]  Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found.[3]  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled.  *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past

---

[2] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.

[3] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  § 1520(c).

3

relevant work.  *Id.*  At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work.  *Id.*  The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached.  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Gotcher was not disabled.  At the first step, he found that she had not engaged in substantial gainful activity since her alleged onset date.  [ECF No. 14-2, PageID.67]. At the second step, the ALJ found that Gotcher had the severe impairments of "degenerative disc disease of the lumbar spine-post fusion, degenerative disc disease of the cervical spine status-post anterior cervical discectomy and fusion, degenerative joint disease of the right knee, and major depressive disorder."[4]  [*Id.*].  Next, the ALJ concluded that none of her

---

[4] The ALJ found not severe Gotcher's degenerative joint disease of the left ankle, impingement syndrome/rotator cuff tear of the right shoulder, anxiety disorder, and personality disorder with borderline antisocial and borderline features, reasoning that they were "not supported by objective signs, symptoms or laboratory findings," or they did not impose more than minimal functional limitations. [ECF No. 14-2, PageID.68].

4

impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, PageID.68-71].

Between the third and fourth steps, the ALJ found that Gotcher had the RFC to perform a limited range of light work:[5]

> [S]he can lift and carry up to 20 pounds occasionally and 10 pounds frequently. She can stand, walk and sit for six hours each in an eight-hour day. She frequently can push and/or pull with her right lower extremity. [She] cannot climb ladders. She can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She can understand, remember and carryout simple instructions. She cannot perform work involving ongoing public interaction. She can have occasional interaction with co-workers.

[ECF No. 14-2, PageID.71]. At step four, the ALJ found that Gotcher was not capable of performing her past relevant work. [*Id.*, PageID.77]. At the final step, after considering Gotcher's age, education, work experience, RFC and the testimony of the VE, the ALJ determined that there were jobs that existed in significant numbers that Gotcher could perform, including positions as tobacco sampler, assembler and coupon redemption clerk. [*Id.*, PageID.78]. The ALJ thus concluded Gotcher was not disabled. [*Id.*].

---

[5]"In order to perform a full range of light work, an individual must be able to lift up to 20 pounds, with frequent lifting or carrying of objects weighing up to 10 pounds. Light work requires standing up to six hours of an eight-hour workday." Social Security Ruling (SSR) 83-10, 1983 WL 31251 (1983).

## II. ANALYSIS

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Gotcher argues that the ALJ's assessed RFC is not supported by substantial evidence because the ALJ did not adequately account for her knee problems or her neck and upper extremity limitations. [ECF No. 22]. The Court finds that the ALJ's decision is supported by substantial evidence and recommends that it be affirmed.

### A.

Gotcher first argues that the ALJ's assessed RFC did not adequately account for her knee impairment. She contends that the ALJ erred by

relying on the opinions of the non-examining consultants regarding her limitations because the opinions did not account for her worsening knee impairment. [ECF No. 14-3, PageID.130-132, 148-151]. Gotcher argues that the consultants did not review 2017 records, including x-rays and an MRI that purportedly demonstrate a worsening of her knee condition, and that the ALJ compounded his error by failing to mention the results of 2017 imaging. These arguments lack merit.

First, the ALJ did not entirely rely on the opinions of the non-examining consultants in crafting the RFC. He discounted the consultants' physical RFCs, assigning them only some weight and both adding and removing suggested restrictions. [ECF No. 14-2, PageID.76]. An ALJ's residual functional capacity determination can be supported by substantial evidence even without a fully consistent physician opinion. *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401–02 (6th Cir. 2018).

Gotcher's argument lacks merit also because the ALJ's decision shows that he considered the later medical records relating to her knee. *See McGrew v. Comm'r of Soc.Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009) (rejecting argument that ALJ erred by relying on state agency consultant when the ALJ considered medical evidence from after the state agency physician's opinion). Contrary to Gotcher's assertion, the ALJ discussed

7

the 2017 treatment records relating to the knee, specifically noting the March 2017 MRI. [ECF No. 14-2, PageID.73]. But diagnostic test results do not dictate a finding of disability or indicate what additional limitations a claimant may suffer. *See Dobbs v. Comm'r of Soc.Sec.*, 1:18-CV-11903, 2019 WL 4196506, at *7 (E.D.Mich. Aug. 19, 2019); *Flowers v. Comm'r of Soc.Sec.*, No. 14-12449, 2015 WL 4274961, at *4 (E.D.Mich. July 14, 2015).

And Gotcher bears the burden of showing that she required a more restrictive RFC because of her knee impairment. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). In her effort to meet this burden, Gotcher does not point to any record evidence. Instead, she suggests that further medical evaluation is required. [ECF No. 17, PageID.1095]. "The burden of providing a complete record, defined as evidence complete and detailed enough to enable the [Commissioner] to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). *See also Culp v. Comm'r*, 529 F. App'x 750, 751 (6th Cir. 2013) ("[T]he ALJ did not have a special duty to develop the record because Culp was represented by counsel.").

In support of her argument that her knee problems require a more restrictive RFC, Gothcher cites her testimony that she could only stand for 20 to 30 minutes at a time and walk "short distances with difficulty." [ECF No. 22, PageID.1095; ECF No. 14-2, PageID.99]. But the ALJ found Gotcher's subjective complaints to be inconsistent with her reported activities. [ECF No. 14-2, PageID.75]. *Blacha v. Sec'y of Health and Human Servs.,* 927 F.2d 228, 231 (6th Cir. 1990) (An ALJ may discount a claimant's report of subjective symptoms because "some of [his] activities were inconsistent with his claims of disabling pain.").[6]

To support that finding, the ALJ cited Gotcher's May 2016 report to a doctor that she was able to complete all basic tasks of independent living including cooking, shopping, personal hygiene, and driving in May 2016. [ECF No. 14-2, PageID.75; ECF No. 14-8, PageID.793]. She told the doctor that she walked up to four times a day and was "involved in many activities in preparation for selling her home." [*Id.*]. The next month,

---

[6] Under Social Security Ruling 16-3p, the consistency of an individual's statements about the intensity, persistence and limiting effects of symptoms, rather than credibility, became the focus of evaluating a claimant's subjective symptoms. But courts continue to rely on pre-SSR 16-3p authority for evaluating reports of subjective symptoms. *See, e.g., Kilburn v. Comm'r of Soc. Sec.*, No. 1:17-CV-603, 2018 WL 4693951, at *7 (S.D. Ohio Sept. 29, 2018); *Duty v. Comm'r of Soc. Sec.*, No. 2:17-CV-445, 2018 WL 4442595, at *6 (S.D. Ohio Sept. 18, 2018).

9

Gotcher reported to another doctor that she was renovating her house. [ECF No. 14-2, PageID.75; ECF No. 14-8, PageID.920]. In February 2017, after her knee pain allegedly intensified, she reported to her mental health care provider that she walks for leisure. [ECF No. 14-2, PageID.75; ECF No. 14-9, PageID.1007]. In April 2017, Gotcher mentioned to her physical therapist that she was sore from helping her daughter move. [ECF No. 14-2, PageID.75; ECF No. 14-9, PageID.1026].

This evidence constitutes substantial evidence for the ALJ's finding that Gotcher's subjective complaints were inconsistent with her reported activities. *See Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 532 (6th Cir. 1997) (finding that the ALJ acted properly when he took into account that claimant could "run all of his errands, walk two miles, prepare all of his meals, and drive three times a week"); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (the ALJ properly "considered [the claimant's] testimony concerning fatigue and shortness of breath in light of other evidence that [she] regularly walks around her yard for exercise, rides an exercise bicycle, goes to church, goes on vacation, cooks, vacuums, and makes beds").

Neither the state agency opinions nor the later medical records considered by the ALJ suggest a need for greater restrictions than those

contained with the RFC, and Gotcher cites no credited evidence to show she required a more restrictive RFC.

**B.**

Gotcher similarly argues that the ALJ erred by ignoring the significant cervical spine impairments evidenced by a January 2017 MRI, and instead "cherry picked" the portions of the record favoring his RFC. "Cherry picking" the record is often just pejorative terminology for weighing evidence. *See DeLong v. Comm'r of Soc.Sec.,* 748 F.3d 723, 726 (6th Cir. 2014). Such allegations are "seldom successful" because they are invitations to re-weigh record evidence, which a reviewing court may not do. *Id.* Gotcher's argument is such a verboten request.

Although Gotcher claims the ALJ ignored substantial evidence of cervical spine limitations based on "a single, isolated finding" of full strength in her upper extremities, the ALJ's decision reflects just the opposite. [ECF No. 22, PageID.1098]. The ALJ acknowledged the January 2017 MRI as the only objective evidence of cervical pathology, as well as the injections and surgery she had because of that imaging study. [ECF No. 14-2, PageID.73; ECF No. 14-9, PageID.974, 992]. But he also detailed multiple clinical examinations in which Gotcher was found to have normal neuro-motor function in her upper extremities, including examinations after her

surgery. [ECF No. 14-2, PageID.73; ECF No. 14-9, PageID.974]. The ALJ concluded, "[D]espite the cervical spine pathology shown on imaging studies, clinical evaluations have not revealed findings indicating significant functional limitations." [ECF No. 14-2, PageID.73]. Gotcher cites no evidence showing that her spine condition causes her greater functional limitations than those assessed by the ALJ, which is her burden. *Jordan,* 548 F.3d at 423.

The RFC was supported by substantial evidence. "If the Commissioner's decision applied the correct legal standards and is supported by substantial evidence, the decision must be affirmed even if this Court would have decided the matter differently and even where substantial evidence supports the opposite conclusion." *Moran v. Comm'r of Soc. Sec.,* 40 F. Supp. 3d 896, 914 (E.D. Mich. 2014).

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion [ECF No. 27] be **GRANTED**; that Gotcher's motion [ECF No. 22] be **DENIED**; and that the ALJ's decision be **AFFIRMED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: October 30, 2019         United States Magistrate Judge

12

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in

the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 30, 2019.

                                                s/Marlena Williams
                                                MARLENA WILLIAMS
                                                Case Manager