UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMI GOTCHER,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

Case No. 2:18-cv-12251

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
OVERRULING OBJECTION [31], ADOPTING REPORT
AND RECOMMENDATION [30], DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [22], AND GRANTING
THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT [27]**

The Commissioner of the Social Security Administration ("SSA") denied Jami Gotcher's application for supplemental security income and disability insurance benefits in a decision issued by an administrative law judge ("ALJ"). ECF 14-2, PgID 65–79. After the SSA Appeals Council declined to review the ruling, Gotcher appealed. ECF 1.

The Court referred the matter to Magistrate Judge Elizabeth A. Stafford, and the parties filed cross-motions for summary judgment. ECF 3, 22, 27. The magistrate judge issued a report and recommendation ("Report") and advised the Court to deny Gotcher's motion and grant the Commissioner's motion. ECF 30. Gotcher timely objected to the Report. ECF 31. After examining the record and considering Gotcher's objection, the Court concludes that her argument lacks merit. The Court will

therefore overrule Gotcher's objection, adopt the Report's findings, deny Gotcher's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## BACKGROUND

The Report properly detailed the events giving rise to Gotcher's action against the Commissioner. ECF 30, PgID 1147–50. The Court will adopt that portion of the Report.

## LEGAL STANDARD

Individuals who receive an adverse final decision from the Commissioner may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Loral Def. Sys.-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). The ALJ is not required to "make explicit credibility findings as to each bit of conflicting testimony, so long as

his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

Rule 72(b) governs the review of a magistrate judge's Report. The Court's standard of review depends on whether a party files objections. The Court need not undertake any review of portions of the Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). When conducting a de novo review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

Gotcher objects to the magistrate judge's finding "that substantial evidence supported the ALJ's finding that Gotcher was capable of performing the exertional requirements of light work." ECF 31, PgID 1161. Gotcher's objection rehashes arguments she already presented in her motion for summary judgment that the Report addressed and rejected. *Compare* ECF 22, PgID 1092–1100 *with* ECF 31, PgID 1161–66. Gotcher's challenge was "not a proper objection to the [Report], as required by Fed. R. Civ. P. 72(b), because it merely rehashes [Gotcher's] arguments." *See Bentley v. Colvin*, No. 16-11314, 2017 WL 3768941, at *2 (E.D. Mich. Aug. 31, 2017) (citing *Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008)). The Court is therefore not obligated to address the objection. *Markgraff v.*

*Comm'r of Soc. Sec.*, No. 2:17-cv-10511, 2018 WL 654838 at *2 (E.D. Mich. Jan. 31. 2018) (citing *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 (W.D. Mich. Mar. 28, 2013)).

But in any case, Gotcher's objection is misplaced. She claims that that the "ALJ improperly accepted the findings of the State agency consultants who reviewed the record before a significant worsening in Gotcher's condition, yet failed to acknowledge that their opinions were based on a limited review of the record" and that "Gotcher's ability to engage in minimal activities of daily living does not arise to substantial evidence." ECF 31, PgID 1166–67.

An "ALJ is charged with the responsibility of determining the RFC based on [his] evaluation of the medical and non-medical evidence." *Rudd v. Comm'r of Soc. Sec.,* 531 F. App'x 719, 728 (6th Cir. 2013). The RFC can "be supported by substantial evidence" even if no "physician offers an opinion consistent with that of the ALJ." *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018). Here, the ALJ relied on Gotcher's medical records, her own statements to medical providers, and state agency medical consultants when determining her RFC, ECF 14-2, PgID 67–72, and Gotcher did not put forth any specific evidence to rebut the conclusions. The Court will affirm the ALJ and magistrate judge's conclusions because Gotcher failed to meet her burden of demonstrating that she deserves a more restrictive RFC. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (citation omitted) ("The claimant, however, retains the burden of proving her lack of residual functional capacity.").

Gotcher also argues that the ALJ's reliance on state consultants' incomplete review of the records was improper. *See* ECF 31, PgID 1162. She cites *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009) for the proposition that the "ALJ need[s] to indicate some awareness that a consultant's opinion was based on an incomplete review of the record before deferring to that opinion." ECF 31, PgID 1162. Although the ALJ gave some weight to the reports from Dr. George Keller, signed on April 27, 2015, ECF 14-3, PgID 122–35 and Dr. Angela Saito, signed on July 7, 2016, ECF 14-3, PgID 140–72, he did not fully rely on them, ECF 14-2, PgID 75–76. In fact, the ALJ specifically acknowledged the limitations of the records. *Id*. at 76. The ALJ also discussed Gotcher's post-state-evaluation treatment, including her March 2017, MRI and her April, August, and October, 2017, appointments with Dr. Tupis. *Id*. at 73. He even noted that Gotcher "testified that she underwent a repair of her right ACL and meniscus 14 days prior to the [administrative] hearing." *Id*. The ALJ's references to the reports, including the dates of each individual report, indicate that the ALJ was aware of the limitations of the opinions and that they were not based on the full record that was before the ALJ.

Gotcher takes issue with the ALJ's citation to her "daily activities as substantial evidence for the [] finding that [her] subjective complaints were inconsistent with her reported activities." ECF 31, PgID 1163. An ALJ, however, may "consider household and social activities engaged in by the claimant in evaluating a claimant's assertion of pain or ailments." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997) (citing *Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d

228, 231 (6th Cir. 1990)). The ALJ did not err in considering Gotcher's reported activities.

Finally, Gotcher argues that the magistrate judge erred when she found that the ALJ's analysis of Gotcher's cervical spine impairment was sufficient. ECF 31, PgID 1165. Gotcher's argument is without merit. The ALJ discussed Gotcher's lumbar spine MRI, disk fusion, steroid injections, and her four separate reports of 5/5 neuro-motor and bilateral upper extremity strength. ECF 14-2, PgID 73. The Court finds that the ALJ's comprehensive report is adequate and will therefore overrule Gotcher's objection.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Gotcher's objection. The Court will overrule Gotcher's objection, adopt the Report's recommendation, grant the Commissioner's motion for summary judgment, and deny Gotcher's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Gotcher's objection [31] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [30] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Gotcher's motion for summary judgment [22] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary

judgment [27] is **GRANTED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 27, 2019

I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on November 27, 2019, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager